**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAYSHAWN McGRUDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF ALEX VILLANUEVA,<br><br>　　　　　Defendant. | ) Case Nos. CV 20-3467-CJC (JPR)<br>)　　　　　　CV 20-4086-CJC (JPR)<br>)<br>)<br>)<br>) ORDER DISMISSING ACTIONS WITH<br>) PREJUDICE FOR FAILURE TO<br>) PROSECUTE<br>)<br>)<br>) |
| TRAYSHAWN McGRUDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　Plaintiff has two civil-rights actions pending in this District. But he is a profligate litigant, and several past lawsuits he filed were dismissed for failure to prosecute when he neglected to timely inform the Court of an address change. The Court has repeatedly warned him that failing to timely inform it and opposing counsel of address changes may result in his lawsuits being dismissed. See, e.g., McGruder v. Cnty. of L.A.,

1

No. CV 17-7024-CJC (JPR) (C.D. Cal. Sept. 18, 2019), ECF No. 77; McGruder v. Cnty. of L.A., No. CV 17-5408-CJC (JPR) (C.D. Cal. Dec. 30, 2019), ECF No. 138 (dismissing action for failure to prosecute, including failing to keep Court and opposing counsel informed of address changes).

On June 11, 2020, the Court attempted to serve an order on Plaintiff in one of his closed cases, but on June 22 it was returned as undeliverable, with the notation that he had been released from jail. McGruder v. Cnty. of L.A., No. CV 17-5408-CJC (JPR) (C.D. Cal. June 22, 2020), ECF No. 152. Indeed, the Court's review of the Los Angeles County Sheriff's Department's Inmate Information Center website shows that Plaintiff was released on June 15, 2020. See LASD Inmate Search, http://app5.lasd.org/iic/ajis_search.cfm (search using Plaintiff's first and last name) (last visited July 13, 2020). More than four weeks later, he has not filed a change of address in any of his cases, open or closed.

Meanwhile, on June 3, 2020, the Court ordered Plaintiff in both of the above-captioned cases to supplement his request for in forma pauperis status, warning him that if he did not his lawsuits would likely be dismissed. Those orders were not returned in the mail, so Plaintiff presumably received them. But he has not responded to them or asked for an extension of time to do so.

Local Rule 41-6 provides that

> [a] party proceeding pro se shall keep the Court . . . apprised of such party's current address . . . . If mail directed by the Clerk to a pro se plaintiff's address of

> record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, by failing to file a change of address, Plaintiff has rendered the Court unable to communicate with him. He has not rebutted the presumption of

prejudice to Defendants, and no less drastic sanction is available because he has repeatedly been warned of the need to timely file address changes and yet persists in not doing so. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of these cases on their merits. And because Plaintiff has previously failed to prosecute numerous lawsuits and has not complied with a recent court order in each of these cases, dismissal should be with prejudice. See Amina v. WMC Mortg. Corp., 554 F. App'x 555, 555 (9th Cir. 2014) (upholding dismissal of action with prejudice for failure to prosecute when plaintiffs "repeated[ly]" didn't comply with obligations in prosecuting case despite being warned that if they did not it might be dismissed). The Court has no basis to believe that if these lawsuits are allowed to continue, Plaintiff will suddenly start complying with his obligations in prosecuting them.

It therefore is ORDERED that these actions are dismissed with prejudice for failure to prosecute.

LET JUDGMENTS BE ENTERED ACCORDINGLY.

DATED: July 14, 2020

_____
CORMAC J. CARNEY
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge